IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2015 OCT 20  PM 4: 13

UNITED STATES OF AMERICA

-vs-                                                                                      CAUSE NO. A-14-CR-302-SS

CHRISTOPHER HOLLEY

## ORDER

BE IT REMEMBERED on the 16th day of October 2015, the Court held a hearing in the above-styled cause, and the parties appeared by and through counsel. Before the Court are Defendant Christopher Holley's Motion to Suppress Cell Phone and Derivative Evidence [#20], the Government's Response [#22] thereto, Defendant's Motion for Severance of Counts [#21], and the Government's Response [#23] thereto. Having considered the documents, the governing law, the arguments of the parties at hearing, and the file as a whole, the Court now enters the following opinion and orders.

### Background

Defendant Christopher Holley was indicted on October 7, 2014, for two counts of felon in possession of a firearm and one count of possession of a firearm in furtherance of a drug-trafficking crime. *See* Indictment [#1]. Count One of the indictment alleges that on February 20, 2014, Holley possessed a Hi-Point handgun, having previously been convicted of a felony; Count Two alleges that on June 12, 2013, Holley possessed a Beretta handgun, having previously been convicted of a felony; and Count Three alleges that during "June, 2013," Holley possessed a firearm in furtherance of



possession with intent to distribute "marijuana and/or methamphetamine" in violation of 18 U.S.C. § 924(c). *Id.*

Two pretrial motions, both filed by Holley, are before the Court. First, Holley's motion to suppress argues for the exclusion of all evidence resulting from the search of a cell phone seized by police when Holley was arrested on June 12, 2013—which, Holley claims, includes all "derivative" evidence seized pursuant to two search warrants issued in April and May 2014. Second, Holley's motion for severance of counts argues for severance of Count One of the indictment from Counts Two and Three, or alternatively, for severance of the felon-in-possession counts from the § 924(c) count. As set forth below, the Court finds both motions should be DENIED.

## I.     Holley's June 12, 2013 and February 20, 2014 Arrests

On June 12, 2013, Austin Police Department (APD) officers stopped a car in which Holley was a passenger for a traffic violation. After the car stopped, Holley got out and began to walk away. When the officers ordered Holley to stop walking, Holley began to run, and a chase ensued. According to the pursuing officer, during the chase, Holley tossed away a handgun and two baggies containing various narcotics. Holley was apprehended after the pursuing officer successfully sprayed Holley with pepper spray.

During a search conducted incident to Holley's arrest, the arresting officers recovered a T-Mobile cell phone (the 2013 Cell Phone) on Holley's person. APD Officer R. Thompson "conducted an immediate cursory search of the [2013 Cell Phone], which revealed photographs depicting money, narcotics, and what appeared to be the handgun [Holley] had discarded during his flight from police." Resp. Mot. Suppress [#22] at 3.

While the record is not entirely clear, it appears that following the June 12, 2013 arrest, Holley was released from custody, but subsequently failed to appear in court. *See id.* at 5 (noting Holley was wanted in association with multiple failure-to-appear warrants, "including a warrant arising out of the 2013 arrest"); *id.* [#22-4] Attach. 4 (May 2014 Warrant) (listing the four failure-to-appear warrants issued for Holley); Mot. Suppress [#20] at 2 ¶ 3 ("[A] warrant had been issued for Mr. Holley's arrest as the result of bond forfeitures."). Eight months later, on February 19, 2014, APD received an anonymous tip indicating Holley could be found at a north Austin Motel 6. APD arrested Holley in his room at the Motel 6 on the following day, February 20, 2014. After being handcuffed, Holley asked if he could sit on the bed; during a safety sweep of the bed for concealed weapons, officers located a Hi-Point handgun under the mattress. APD left the handgun in place and obtained a warrant to search the motel room; pursuant to that search warrant, officers seized the Hi-Point handgun, seventeen prescription pain pills, a powdery substance believed to be a cutting agent for narcotics, and a "robbery kit" consisting of a Halloween mask and a pair of gloves. May 2014 Warrant at 6–7. Finally, officers recovered a Cricket ZTE cell phone (the 2014 Cell Phone).

## II.  The April 4, 2014 and May 22, 2014 Search Warrants

On April 4, 2014, APD Detective Gerald Wines submitted an affidavit in support of an application for a warrant to search the 2013 Cell Phone in connection with the crimes Holley allegedly committed on June 12, 2013. *See* Resp. Mot. Suppress [#22-2] Attach. 2 (April 2014 Warrant) at 3–7. The affidavit recounts the circumstances leading to Holley's June 12, 2013 arrest, notes the officers' discovery of the 2013 Cell Phone, and states: "Officer Thompson immediately searched the [2013 Cell Phone], due to the totality of the circumstances. Officer Thompson located photos on the [2013 Cell Phone] depicting money, narcotics, and what appeared to be the firearm

-3-

that [Holley] was in possession of at the time of his arrest and the phone was subsequently seized." *Id.* at 6. Detective Wines's affidavit concludes that "subjects who own firearms often possess . . . trophy pictures of themselves holding firearms and/or narcotics . . . ." *Id.* The Austin Municipal Court granted the warrant application on April 4, 2014, *see id.* at 2, and on April 7, 2014, APD executed the warrant, extracting the incriminating images from the 2013 Cell Phone. *Id.* at 1; *see also id.* [#22-1] Attach. 1 (images from the 2013 Cell Phone).

On May 22, 2014, Detective Wines submitted an affidavit in support of an application for a second search warrant, this time to search the 2014 Cell Phone. This second affidavit gives an identical recounting of Holley's June 12, 2013 arrest and Officer Thompson's search of the 2013 Cell Phone, and goes on to describe Holley's February 20, 2014 arrest. *See* May 2014 Warrant at 3–4. Additionally, the second affidavit describes the April 4, 2014 warrant and includes both a description of the images extracted from the 2013 Cell Phone and several of the images themselves. *See id.* at 8–10. Finally, Detective Wines states he "believes that the [2014 Cell Phone] seized from [Holley] may contain additional photographic and digital evidence related to the unlawful possession of a firearm by a felon and the illegal possession/sale of narcotics." *Id.* at 10. The warrant application was again granted, and on May 23, 2014, APD executed the warrant, extracting additional incriminating images from the 2014 Cell Phone. *See id.* at 1, 12; *id.* [#22-3] Attach. 3 (images from the 2014 Cell Phone).

## Analysis

### I.     Motion to Suppress

Holley moves to suppress "all evidence and all derivative evidence" resulting from Officer Thompson's June 12, 2013 warrantless search of the 2013 Cell Phone. Holley contends Officer

Thompson's search was unconstitutional under the Supreme Court's decision in *Riley v. California*, which held police must generally obtain a search warrant before searching the contents of a cell phone, even when the search is conducted incident to arrest. 134 S. Ct. 2473, 2485 (2014). Holley argues both the April and May 2014 search warrants were reliant on the incriminating photographs Officer Thompson uncovered during his search of the 2013 Cell Phone, and stripped of those photos and their descriptions, neither warrant establishes probable cause that evidence of criminality would be found on the 2013 Cell Phone or 2014 Cell Phone, respectively.

The Government responds suppression of the evidence is inappropriate because: (1) APD officers acted in good-faith reliance on then-binding Fifth Circuit precedent permitting warrantless cell phone searches incident to arrest, and under the Supreme Court's decision in *Davis v. United States*, "evidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule," 131 S. Ct. 2419, 2429 (2011); (2) the warrants fall within the good-faith exception articulated by the Supreme Court in *United States v. Leon*, which held evidence obtained from searches conducted pursuant to subsequently-invalidated warrants is nevertheless admissible unless certain circumstances, inapplicable here, obtain, 468 U.S. 897, 922 (1984); and (3) even if the information related to Officer Thompson's search of the 2013 Cell Phone is excised from the warrant applications, both establish probable cause for the searches requested. As set forth below, the Court agrees with the Government, and finds the evidence at issue should not be suppressed.

Holley is correct that Officer Thompson's June 12, 2013 warrantless search of the 2013 Cell Phone was unconstitutional. As noted, the Supreme Court held just last year that law enforcement officers must generally obtain a warrant before searching a cell phone during a search incident to

arrest. *See Riley*, 134 S. Ct. at 2495. Although Officer Thompson's search and APD's execution of the April and May 2014 warrants occurred before *Riley* issued, "newly announced rules of constitutional criminal procedure must apply retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception." *Davis*, 131 S. Ct. at 2426 (citation omitted). Thus, *Riley* applies retroactively to Officer Thompson's search of the 2013 Cell Phone, as no final judgment has issued in this case.

The retroactive application of a new Fourth Amendment rule "does not, however, determine what . . . remedy (if any) the defendant should obtain"; it merely "raises the question whether a suppression remedy applies" without answering that question. *Id.* at 2431 (citations omitted). Exclusion of evidence obtained in violation of the Fourth Amendment "is not a personal constitutional right," nor is it intended to "redress the injury occasioned by an unconstitutional search." *Id.* at 2426 (citations omitted). Rather, the sole purpose of the exclusionary rule "is to deter future Fourth Amendment violations." *Id.* Additionally, the rule exacts a high price: "[i]t almost always requires courts to ignore reliable, trustworthy evidence bearing on guilt or innocence," and its effect is frequently "to suppress the truth and set the criminal loose in the community without punishment." *Id.* at 2427. Thus, for suppression of evidence to be appropriate, its deterrence benefits must outweigh its costs. *Id.*

As such, the *Davis* Court teaches the exclusionary rule does not apply where law enforcement officers "conduct a search in objectively reasonable reliance on binding judicial precedent." *Id.* That is precisely the situation presented by this case. Before *Riley*, binding Fifth Circuit precedent permitted police to conduct warrantless searches of cell phones incident to arrest. *See United States v. Finley*, 477 F.3d 250, 259–60 (5th Cir. 2007) (affirming district court's holding police were

permitted to search the defendant's cell phone incident to his arrest); *see also United States v. Rodriguez*, 702 F.3d 206, 209–10 (5th Cir. 2012) (concluding *Finley*'s holding warrantless cell phone searches incident to arrest remained permissible following Supreme Court's holding in *Arizona v. Gant*, 556 U.S. 332 (2009)). As such, applying the exclusionary rule to suppress the fruits of Officer Thompson's search would have no deterrent effect on impermissible police conduct, as Officer Thompson and the other officers involved were acting in accord with controlling Fifth Circuit law at the time of the relevant events.

The Northern District of Texas has twice applied *Davis* to deny defendants' motions to suppress on facts materially indistinguishable from those before this Court. In *United States v. Spears*, the court declined to exclude two photographs obtained from a warrantless search incident to arrest of the defendant's cell phone. *See* 31 F. Supp. 3d 869, 874–75 (N.D. Tex. 2014) ("[U]ntil the Supreme Court decided *Riley*, *Finley* remained good law in the Fifth Circuit. . . . 'About all exclusion would deter in this case is conscientious police work.'" (quoting *Davis*, 131 S. Ct. at 2429)). Similarly, in *United States v. Mitchell*, the court declined to suppress data obtained from a warrantless search incident to arrest of the defendant's cell phone. *See* Criminal Action No. 3:13-CR-128-L-1, 2015 WL 437673, at *3 (N.D. Tex. Feb. 2, 2015) (slip op.) ("The facts of this case fit squarely within the exception to the exclusionary rule crafted in *Davis*. . . . [T]he officers conducted the search nearly two years before *Riley*, and then-existing precedent under *Finley* permitted such a search."). The Seventh Circuit, too, has declined to exclude evidence obtained from a warrantless cell phone search pursuant to *Davis* where its precedent permitted the search at the time it was conducted. *See United States v. Gary*, 790 F.3d 704, 708–09 (7th Cir. 2015) ("We agree that the

search of Gary's cell phone was conducted in objectively reasonable good faith because the search was authorized under our precedent at the time of the search.").

As in *Spears*, *Mitchell*, and *Gary*, here, on the date Officer Thompson conducted the search of the 2013 Cell Phone incident to Holley's arrest, Fifth Circuit precedent permitted him to do so. The exclusionary rule is therefore inapplicable under *Davis*, and Holley's motion to suppress must be denied.[1]

## II.     Motion for Severance of Counts

Federal Rule of Criminal Procedure 8(a) permits the joinder of offenses in a single indictment against a defendant "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a). Concomitantly, Federal Rule of Criminal Procedure 14 allows "separate trials of counts . . . or . . . whatever other relief justice requires" if the court concludes a defendant may be prejudiced by a joinder of offenses. FED. R. CRIM. P. 14; *United States v. McCarter*, 316 F.3d 536, 538 (5th Cir. 2002). Whether to grant a Rule 14 severance is a decision within the trial court's discretion. *United States v. Rice*, 607 F.3d 133, 142 (5th Cir. 2010).

Holley argues he "will suffer a specific and compelling prejudice" if Count One, the felon-in-possession count arising from the Hi-Point handgun discovered during Holley's February 20, 2014 arrest, is joined with Counts Two and Three, the felon-in-possession count and § 924(c) count arising from Holley's June 12, 2013 arrest. Mot. Severance [#21] at 3. According to Holley, the § 924(c) count, which will require proof Holley possessed the Beretta firearm in furtherance of drug

---

[1] Having concluded suppression is inappropriate based on the *Davis* good-faith exception, the Court declines to consider the Government's remaining arguments.

trafficking, is "a weak count," as the police did not seize significant quantities of drugs or drug paraphernalia during Holley's June 12, 2013 arrest. *Id.* Consequently, Holley contends any evidence from 2014 regarding drug possession or trafficking will be highly prejudicial to Holley with respect to the § 924(c) charge.

The Court declines to exercise its discretion to sever the Counts. First, the Court finds joinder of these offenses was proper under Rule 8(a), as the offenses are of the same or similar character: each offense involves possession of a firearm by a felon, and the violations involve similar conduct. Although there is an eight-month gap between Holley's two arrests, that is so because Holley failed to appear in connection with the charges levied against him following his June 12, 2013 arrest, and in any event, "the similarity of character of different offenses does not significantly depend on their separation in time." *United States v. Walton*, Criminal Action No. 09-157, 2011 WL 3665145, at *7 (E.D. La. Aug. 19, 2011) (quoting *United States v. Coleman*, 22 F.3d 126, 133 (7th Cir. 1994)).

Second, Holley has failed to meet his burden to show clear prejudice under Rule 14. "The burden of demonstrating prejudice is a difficult one . . . . The defendant must show something more than the fact that a separate trial might offer him a better chance of acquittal." *United States v. Ballis*, 28 F.3d 1399, 1408 (5th Cir. 1994) (quoting *United States v. Park*, 531 F.2d 754, 762 (5th Cir. 1976)). For example, "[c]lear prejudice may result when the jury is unable to separate the evidence and apply it to the proper offenses[.]" *United States v. Fortenberry*, 914 F.2d 671, 675 (5th Cir. 1990). The Court cannot agree with Holley's assessment that joinder of the three counts will, in essence, render the jury unable to separate the evidence and apply it to the proper offenses. Holley's two arrests are distinct in time—June 2013 versus February 2014—and the evidence

collected as a result of those two arrests came from different sources—thrown during a chase versus found in a motel room, and extracted from a T-Mobile cell phone versus extracted from a Cricket ZTE cell phone. The evidence is separable as to each count, and as such, Holley has failed to show clear prejudice. *See Fortenberry*, 914 F.2d at 675 (concluding defendant failed to show clear prejudice arising from joinder because the evidence related to the first group of counts was "distinct in time and source" from the evidence related to the second group of counts).

## Conclusion

Neither suppression nor severance is warranted in this case. Any potential prejudice resulting from joinder of these charges can be cured by appropriate limiting instructions.

Accordingly:

IT IS ORDERED that Defendant Christopher Holley's Motion to Suppress Cell Phone and Derivative Evidence [#20] is DENIED; and

IT IS FINALLY ORDERED that Defendant Christopher Holley's Motion for Severance of Counts [#21] is DENIED.

SIGNED this the 20th day of October 2015.

*[signature]*
SAM SPARKS
UNITED STATES DISTRICT JUDGE